# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 11-28


**AMILCOR A.J. GOTREAUX**

**VERSUS**

**DAIRY QUEEN, INC., ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-5515
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

**Andrew Holleman Meyers**
**Timothy Wayne Meyers**
**Breaud & Meyers**
**P. O. Box 3448**
**Lafayette, LA 70502**
**(337) 266-2200**
**Counsel for Defendants/Appellees:**
**Dequincy Restaurants, Inc.**
**Pam Brown**

**Amilcor A.J. Gotreaux**
**In Proper Person**
**1311 Florence Street**
**Jennings, LA 70546**
**(337) 430-4606**
**Plaintiff/Appellant**

**Amilcor A.J. Gotreaux**
**In Proper Person**
**1311 Florence Street**
**Jennings, LA 70546**
**(337) 430-4606**
**Plaintiff/Appellant**

**EZELL, JUDGE.**

Amilcor Gotreaux appeals the decision of the trial court granting summary judgment in favor of Pam Brown and DeQuincy Restaurants, Inc. (DRI). For the following reasons, we affirm the decision of the trial court.

Ms. Brown and her sister are the owners and operators of DRI, which runs a Dairy Queen restaurant in DeQuincy. Mr. Gotreaux was hired to demolish the restaurant building after it sustained damage during Hurricane Rita in 2005. He admits he was fully compensated for his demolition work. In addition to that work, Mr. Gotreaux was offered a chance to bid on building a new building for DRI. As part of the bid process, he was presented with a booklet describing what was expected in a bid. Noted in the booklet was that bid submitters would be required to sign a contract and begin construction within seven days of acceptance of a bid and to be able to provide a list of construction materials, their costs, and subcontractors within ten days of bid acceptance. Bids were to be lump sum bids, including costs of materials and subcontractors. Mr. Gotreaux submitted a bid of $500,000, which was accepted in July of 2006. He failed to provide the lists of materials and subcontractors in a timely fashion, which eventually gave light to the fact that his bid violated the bid submission requirements, as his bid did not include those costs. DRI later accepted a separate bid of $720,000 to rebuild the restaurant from another builder.

Mr. Gotreaux filed the current suit seeking to enforce the bid acceptance as a valid contract. The trial court granted summary judgment in favor of DRI, dismissing Mr. Gotreaux's claims. From that decision, Mr. Gotreaux appeals.

Mr. Gotreaux asserts no assignment of error on appeal. However, in the interests of justice, we will read his brief as claiming that the trial court erred in

1

granting DRI's motion for summary judgment.

> Summary judgments are reviewed *de novo* on appeal, with the reviewing court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Power Marketing Direct, Inc. v. Foster*, 05-2023 (La.9/6/06), 938 So.2d 662, 669; *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730, 750.
>
> A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ. Proc. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action . . . The procedure is favored and shall be construed to accomplish these ends." La.Code Civ. Proc. art. 966(A)(2).

*La. Safety Ass'n of Timbermen Self-Insurers Fund v. La. Ins. Guar. Ass'n*, 09-23, p. 5 (La. 6/26/09), 17 So.3d 350, 353-54.

From the record before this court, we can find no genuine issue of material fact. Mr. Gotreaux never formalized any contract with DRI. In fact, his bid was so faulty that there could never have been any true meeting of the minds between the parties. Moreover, it seems from the record that Mr. Gotreaux never even read the bid booklet, as it clearly pointed out that the bid did "not obligate the Owner . . . in any way" and that the "Owner assumes no obligation to enter into a contract for the work." A separate, formal contract would be required seven days after any bid was accepted. Mr. Gotreaux did not submit a lump sum bid as required, did not talk to subcontractors about the job, let alone submit the required list of subcontractors, did not submit a materials list, nor did he begin construction within seven days as set forth in the bid book. Simply put, Mr. Gotreaux seeks to enforce the bid agreement as a contract to build the restaurant, even though he failed to meet any of the criteria it contained and would have breached any such contract several times over, had one

2

actually been formed.  The trial court committed no error, as DRI was clearly entitled to summary judgment in this matter.

For the above reasons, the ruling of the trial court is hereby affirmed.  Costs of this appeal are assessed against Mr. Gotreaux.

**AFFIRMED.**